[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 27, 1992 Date of Application March 27, 1992 Date Application Filed April 1, 1992 CT Page 4572 Date of Decision March 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR6-340131.
James A. Shanley Esq., Defense Counsel, for Petitioner.
Robert O'Brien. Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
The petitioner, then 31 years of age, was convicted following a trial by jury of Kidnapping, 1st degree (2 counts) § 53a-92
(a)(2)(A); Assault 3rd degree § 53a-61 and Sexual Assault 1st degree (2 counts) § 53a-70(a).
He was sentenced to 10 years on each kidnapping count concurrent; 1 year on the assault 3rd degree concurrent; 18 years concurrent on one count of sexual assault 1st degree and 12 years consecutive on the second count of sexual assault 1st degree. The total effective sentence was 30 years.
The facts underlying the petitioner's convictions are summarized as follows:
On March 28, 1991, at approximately 11:30 p. m. the victim went to the home of her friend, Denise, where she met the defendant for the first time. As the victim was leaving Denise's home, the defendant asked if he could buy her a drink and she accepted. The two walked to a section of New Haven known as the "Mudhole," where the defendant purchased wine and beer at a bar. They then went back to the victim's one room apartment, which was on the third floor of a three-story building. Approximately one hour after the two had arrived at her apartment, during which time the defendant had ingested cocaine, the victim asked the defendant CT Page 4573 to leave. The defendant, however, refused to do so. He became hostile, struck the victim repeatedly and told her she was going to be his "bitch" and prostitute for him. The defendant then grabbed the victim's keys from her apartment door and ordered her to wear his gold chain that held a gold letter "B" to indicate she was his "bitch," or prostitute.
The defendant and victim thereafter went outside where the defendant ordered the victim to open her coat to display her body. At one point he yelled, "$10, 15, 20 — one way, round trip, get anything you want," to a group passing by on bicycles. The defendant and the victim eventually arrived at a house near the "Mudhole" where several men paid the defendant to have oral and vaginal sex with the victim in the backyard. Subsequently, while the defendant was distracted, the victim attempted to leave but two men grabbed her and yelled to the defendant that his "bitch" was trying to get away. The defendant slapped her and then took her back to her apartment.
At the victim's apartment, the defendant attempted to have intercourse with the victim. When the victim tried to dissuade him, the defendant exclaimed: "you're my prostitute, you do what I say." After sexually molesting but failing to have intercourse with the victim, the defendant locked her in her room, took her keys and left. The victim screamed but did not open the window to seek help from outside. She eventually fell asleep.
One hour later, at approximately 6 a.m., the defendant returned to the victim's apartment with an older man who, after paying the defendant $7, had sexual intercourse with the victim. Thereafter, the defendant escorted the man out and left the victim locked in her apartment for approximately one and one-half hours. The record does not indicate what the victim did during that period.
Later, at approximately 10 a.m., the defendant brought the victim back to the "Mudhole," where he again ordered her to expose herself to some men in the area. While there, the victim saw her friend Denise, who asked her if anything was wrong. The victim replied "nothing." Denise then told the defendant that the victim was coming with her but the defendant pulled the victim to him and replied that she was not going anywhere. The defendant struck the victim, causing her to bleed, and took her back to her apartment. Soon after the defendant and the victim had returned to the victim's apartment, Denise arrived. The victim managed to CT Page 4574 talk to Denise alone in the bathroom where she asked Denise to divert the defendant's attention so that she could escape. As the defendant accompanied Denise to the front door to see her out, the victim ran barefoot out the back door to a neighbor's house and called the police. See State v. Freeney, 228 Conn. 582
(1994).
Petitioner's counsel asks the Division to change the consecutive sentences of 18 years and 12 years to run concurrently. He argues that the evidence shows the petitioner aided the sexual assaults but that he did not actually sexually assault the victim himself. This crime can hardly be viewed, as counsel suggests, as a person acting as a pimp for a prostitute. This victim was forced by physical assault and threats into sexual intercourse with approximately eight men. He received substantially less than the maximum possible sentence for crimes which, as the state's attorney pointed out took place over a number of hours during which time the victim was subjected to the described degrading attacks.
The petitioner's record is dismal as well, with little in it to warrant mitigation. It includes convictions for inducing false testimony by force (felony in California); accessory to murder; assault on a police officer; multiple using motor vehicles without permission; narcotics violation; violation of parole and burglary.
Given the brutal nature of this offense and the lengthy history of criminal behavior, the sentencing court imposed a sentence which was fair and reasonable. Reviewing this sentence as provided for by § 942 of the Practice Book, we find it neither inappropriate nor disproportionate. It is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision
KLACZAK, J. NORKO, J. MIANO, J.